DANIEL A. RIZZI, ESQ. (DR-7153)
TARA EYER DAUB, ESQ. (TE-7943)
NIXON PEABODY LLP
990 STEWART AVENUE
GARDEN CITY, NEW YORK 11350
(516) 832-7594
ATTORNEYS FOR NEW YORK ISLANDERS HOCKEY CLUB, L.P.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT THORNTON, JULIA THORNTON
and JACKIE COSTA,

                Plaintiffs,

- against -

NEW YORK ISLANDERS HOCKEY CLUB, L.P.,

                Defendant.

05 Civ. 5715
(LDW) (ARL)

**DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES**

Defendant New York Islanders Hockey Club, L.P. (the "NYIHC"), by its attorneys Nixon Peabody LLP, for its answer to the Complaint of Robert Thornton, Julia Thornton and Jackie Costa (collectively, the "Plaintiffs") herein, alleges as follows:

## JURISDICTION AND VENUE

1.    Admits that the allegations contained in Paragraph 1 of the Complaint purport to predicate the claims in this action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the New York State Human Rights Law, New York Executive Law § 296 et seq. ("NYSHRL"), but except as so admitted, denies the allegations contained in Paragraph 1 of the Complaint.

2.    Admits that the allegations contained in Paragraph 2 of the Complaint purport to predicate jurisdiction for Plaintiffs' federal law and supplemental state law claims under 28

U.S.C. §§ 1331 and 1367, but except as so admitted, denies the allegations contained in Paragraph 2 of the Complaint.

3. Admits that the allegations contained in Paragraph 3 of the Complaint purport to predicate venue in this Court under 28 U.S.C. § 1391(b), and that the NYIHC has an office in Plainview, New York, but except as so admitted, denies the allegations contained in Paragraph 3 of the Complaint.

4. Admits upon information and belief that, in or about March 2005, the Plaintiffs each dual-filed a discrimination charge with the New York State Division of Human Rights and the Equal Employment Opportunity Commission, and refers the Court to said charges for their contents, but except as so admitted, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Admits upon information and belief the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Admits upon information and belief the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Admits that the NYIHC is a domestic limited partnership with an office located at 1535 Old Country Road, Plainview, New York. The remaining allegations of Paragraph 7 of the Complaint state a conclusion of law to which no response is required or made.

8. Admits upon information and belief the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Admits upon information and belief the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Admits upon information and belief the truth of the allegations contained in Paragraph 10 of the Complaint.

### THE FACTS COMMON TO BOTH CAUSES OF ACTION

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Admits that on or about March 2, 2001, the NYIHC purchased the lease for the Iceworks facility at a bankruptcy auction, and that thereafter each of the Plaintiffs continued to perform their duties as employees of the NYIHC until they voluntarily resigned their employment, but except as so admitted, denies the allegations contained in Paragraph 18 of the Complaint.

19. Denies the allegations contained in Paragraph 19 of the Complaint.

20. Admits that in or about June 2003, Heather Umen ("Umen"), then the NYIHC's Director of Community Relations and Fan Development, was assigned to oversee the renovation, marketing and branding of the Iceworks facility as an "Islanders" facility, and admits upon information and belief that Umen's date of birth is April 1974, but except as so admitted, denies the allegations contained in Paragraph 20 of the Complaint, and specifically denies that there was any effort by the NYIHC to establish a "younger" appearance for the Iceworks facility.

21. Admits and avers that Michael Picker ("Picker"), NYIHC's Senior Vice President for Operations, advised Robert Thornton that he [Picker] had assigned Umen to oversee the Iceworks facility for the purposes described in Paragraph 20 above, and that Thornton should communicate with Umen respecting Iceworks matters because Picker would no longer be directly overseeing the Iceworks facility and its operations; but except as so admitted and averred, denies the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint, and specifically denies that there was ever any policy to drive out the older employees and replace them with younger individuals.

23. Denies the allegations contained in Paragraph 23 of the Complaint, and specifically denies that there was ever a policy to drive out older employees who worked at the Iceworks facility.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Denies the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Admits that in or about March 2004, Larry Fitzpatrick ("Fitzpatrick"), then the NYIHC's Vice President for Ticket Sales, was assigned to continue the work started by Umen, and admits upon information and belief that Fitzpatrick's date of birth is July 1970, but except as so admitted, denies the allegations contained in Paragraph 20 of the Complaint.

34. Denies the allegations contained in Paragraph 34 of the Complaint, and specifically denies that there was ever any policy or process of forcing older employees to leave.

35. Denies the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Admits that in or about July 2004, Jessica Sousa Tuttle ("Sousa"), then NYIHC's Manger of Marketing Programs, succeeded Fitzpatrick at the Iceworks facility; admits upon information and belief that Sousa's date of birth is January 1978; and admits that Sousa received a letter written by Plaintiff Costa dated September 18, 2004, to which Sousa replied on September 21, 2004, and refers the Court to said letter for its contents, but except as so admitted, denies the allegations contained in Paragraph 37 of the Complaint.

38. Admits that Robert and Julia Thornton each submitted resignation letters, dated respectively May 24 and May 25, 2004, and that they thereafter each continued to work at the Iceworks facility through June 4, 2004, but except as so admitted, denies the allegations contained in Paragraph 38 of the Complaint, and specifically denies that Robert and Julia Thornton were constructively discharged.

39. Admits and avers that that Costa resigned her employment on and effective September 21, 2004 immediately after Sousa rejected Costa's demand that Sousa terminate the employment of certain "young and inexperienced" individuals who worked in the Iceworks' business office, but except as so admitted and averred, denies the allegations contained in Paragraph 39 of the Complaint, and specifically denies that Costa was constructively discharged.

40. Denies the allegations contained in Paragraph 40 of the Complaint.

41. Denies the allegations contained in Paragraph 41 of the Complaint.

42. Admits and avers that at the time of their resignations, Plaintiff's annual salaries were: Robert Thornton ($68,400), Julia Thornton ($48,500) and Costa ($24,500), plus benefits, but except as so admitted and averred, denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Age Discrimination in Employment Act)**

44. Repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 43 of the Complaint, in response to Paragraph 44, as if fully set forth herein.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

## SECOND CAUSE OF ACTION
### (New York State Executive Law)

47. Repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 46 of the Complaint, in response to Paragraph 47, as if fully set forth herein.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

## DEMAND FOR RELIEF

The "WHEREFORE" paragraphs which immediately follow Paragraph 49 of the Complaint state a demand for relief to which no responsive pleading is required but, should a response be required, NYIHC denies that the Plaintiffs are entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims are barred to the extent that they were not filed within the applicable statutes of limitation and/or administrative filing periods.

## THIRD AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, by the principles of waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The claims are barred to the extent that Plaintiffs failed to timely and properly exhaust all necessary administrative, statutory and/or jurisdictional prerequisites for the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

The federal discrimination claims are barred to the extent that they were not alleged or encompassed within the administrative charge filed by the Plaintiffs, or the administrative investigation thereof.

## SIXTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Defendant NYIHC exercised reasonable care to prevent and to promptly correct any alleged discriminatory conduct in its workplace.

## SEVENTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Plaintiffs unreasonably failed to take advantage of the preventive and corrective opportunities provided by Defendant NYIHC, or to avoid their alleged harm otherwise.

## EIGHTH AFFIRMATIVE DEFENSE

The claims must be dismissed because Defendant NYIHC did not aid, abet, ratify, condone, encourage or acquiesce in any alleged discriminatory conduct.

## NINTH AFFIRMATIVE DEFENSE

The claims for emotional distress are barred, in whole or in part, by the exclusivity provisions of Sections 10 and 11 of the New York State Workers' Compensation Law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for various relief are barred to the extent each Plaintiff has failed to mitigate such alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' ADEA and NYSHRL-based claims for punitive damages must be dismissed because punitive damages are not available under those statutes.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' ADEA-based claim for compensatory, emotional distress damages must be dismissed because such damages are not available under that statute.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to liquidated damages under the ADEA because Defendant NYIHC at no time engaged in willful discriminatory conduct within the meaning of that statute, and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to Plaintiffs' rights.

WHEREFORE, defendant New York Islanders Hockey Club, L.P., respectfully requests judgment dismissing the Complaint in its entirety, together with an award of the costs and disbursements of this action, including a reasonable attorneys fee.

Dated: Garden City, New York
       March 6, 2006

**NIXON PEABODY LLP**

By: _____/s/_____
    Daniel A. Rizzi (DR-7153)

Of Counsel:          990 Stewart Avenue
  Daniel A. Rizzi    Garden City, New York  11530
  Tara Eyer Daub     (516) 832-7594
                     Attorneys for Defendant
                     New York Islanders Hockey Club, L.P.