REISMAN, PEIREZ & REISMAN, L.L.P.

SEYMOUR J. REISMAN
DAVID H. PEIREZ *
JEROME REISMAN
MICHAEL J. ANGELO
JOSEPH CAPOBIANCO
E. CHRISTOPHER MURRAY
_____

JUSTIN M. VOGEL
MEGAN F. CARROLL °
LISA K. DORAN
GLENN S. FORSTNER ˙
LaDONNA M. LUSHER

*  MEMBER NY AND FL BAR
°  MEMBER NY AND CT BAR
˙  MEMBER NY AND NJ BAR

1305 FRANKLIN AVENUE
PO BOX 119
GARDEN CITY, NEW YORK  11530
_____

(516) 746-7799
_____

FACSIMILE
(516) 742-4946
_____

E-mail:  rprmail@reismanpeirez.com
www.reismanpeirez.com

Direct E-Mail:
EMurray@reismanpeirez.com

December 21, 2006

BY ELECTRONIC FILING
and FED EX
Honorable Leonard D. Wexler, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: Robert Thornton, Julia Thornton and Jackie Costa v. New York Islanders
     Hockey Club, LLP
     05 Civ. 5715(LPW)(ARLN)

Dear Judge Wexler:

  We are the attorneys for the plaintiffs Robert Thornton, Julia Thornton and Jackie Costa in this action alleging that the New York Islanders Hockey Club, LLP ("Islanders") violated the *Age Discrimination in Employment Act* ("ADEA"), as well as New York State *Executive Law* §296. We write in response to defendant's December 19, 2006 letter requesting a pre-motion conference in connection with a proposed motion for summary judgment.

  Plaintiff Robert Thornton was the general manager at the Islander's practice facility in Syosset, New York, and plaintiffs Julia Thornton and Jackie Costa were also employed by the Islanders and worked at the practice facility; which facility also operates as a public ice skating rink with leagues, classes and a summer camp. Plaintiffs allege that after the Islanders appointed younger individuals as executive managers to oversee the practice facility so as to change its image and draw more youth participation, plaintiffs were subjected to a hostile work environment and were eventually constructively discharged. Defendant's December 19, 2006 letter simply ignores the

REISMAN, PEIREZ & REISMAN, L.L.P.

Hon. Leonard D. Wexler, U.S.D.J.
December 21, 2006
Page 2

wrongful conduct of the Islander personnel, and only highlights the mirrored factual issues which would make any summary judgment motion futile.

    The Second Circuit has consistently stated that "hostile work environment claims present 'mixed question[s] of law and fact' that are 'especially well-suited for jury determination'". *Schiano v. Quality Payroll Systems, Inc.*, 445 F.3rd 597 [2d Cir. 2006]quoting *Richardson v. New York State Department of Corrective Service*, 180 F.3d 426 [2nd Cir. 1999]). Similarly, a determination as to whether an employee has been constructively discharged is also primarily a question of fact (see e.g. *Chertkova v. Connecticut General Life Insurance Co.*, 92 F.3d 81 [2d Cir. 1996]; *Lopez v. S. B. Thomas, Inc.*, 831 F. 2d 1184 [2d Cir. 1987]); see also *Mack v. Otis Elevator Company*, 326 F.3d 116 [2d Cir. 2003][hostile work environment claim allowed to proceed even if constructive discharge claim dismissed]).

    The factual record here demonstrates that beginning in or about June 2003 the Islanders made a conscious effort to change the "image" of its practice facility by first hiring inexperienced young employees to oversee the facility and plaintiffs' work performance, and then instituting a policy to harass the plaintiffs to force their resignation so they could be replaced with younger employees. In this context, the new executive managers of the facility were obsessed with age and subjected plaintiffs to continuous harassment and insults, including:

    A.    References, on multiple occasions, to plaintiff Jackie Costa as "grandma";

    B.    Robert Thornton being told, when he asked the new executive manager to repeat a statement, that don't worry "you are too old you cannot hear anyway";

    C.    Robert Thornton being referred by the executive manager on multiple occasions as "old man";

    D.    The new management executive consistently stating that the rink needed "young and energetic" employees;

    E.    A new management executive stating to a younger employee not to refer to Robert Thornton as Mr. Thornton, but to refer to him as "hump or asshole"; and

R‍EISMAN, P‍EIREZ & R‍EISMAN, L.L.P.

Hon. Leonard D. Wexler, U.S.D.J.
December 21, 2006
Page 3

  F. When Jackie Costa informed a new management executive that there was a potential applicant for a job, the new management executive inquired as to how old was the applicant;

  Further, when plaintiffs Robert and Julia Thornton met with the owner of the Islanders, they were told not to make any complaints regarding the new management executive at the practice facility and stated that he "did not want to hear it". The owner then proceeded to tell Robert Thornton that he "had a problem with him" and asked "how old are you anyway".

  Further, when the Islander's Senior Vice President for Operations was made aware that plaintiffs felt that they had been discriminated against on account of age, he told no one, and the Islanders took no actions to investigate the complaint or to determine its truth. Also, after plaintiffs were constructively terminated, their positions were filled with individuals in their 20s and early 30s.

  Accordingly, the factual record clearly sets forth a claim that during the term of their employment plaintiffs were subjected to a hostile work environment, and also a claim that plaintiffs were forced to terminate their employment because they were subjected to demeaning conduct which was not being addressed by the organization. Thus, any summary judgment motion on behalf of the defendant would be futile and this matter should proceed to trial.

        Respectfully submitted,

        */s/ E. Christopher Murray*

        E. Christopher Murray (CM8980)

ECM:jj:150607